IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

JOEL GARCIA NUNEZ,          §
TDCJ No. 1002419,           §
                            §
        Petitioner,         §
                            §
V.                          §          No. 3:24-cv-1273-K-BN
                            §
DIRECTOR, TDCJ-CID,         §
                            §
        Respondent.         §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Petitioner Joel Garcia Nunez, a Texas prisoner, previously challenged his 2000 Dallas County, Texas conviction for murder and resulting sentence of 99 years of incarceration under 28 U.S.C. § 2254, on Nunez's theory that his trial counsel was constitutionally ineffective ("IAC"), and the United States Court of Appeals for the Fifth Circuit affirmed the district court's denial of habeas relief. *See Nunez v. Quarterman*, 294 F. App'x 104 (5th Cir. 2008) (per curiam), *cert. denied*, 130 S. Ct. 364 (2009).

Nunez now returns to federal district court to again challenge his 2000 murder conviction and the resulting sentence under Section 2254, raising IAC claims. *See* Dkt. No. 3.

And United States District Judge Ed Kinkeade referred this *pro se* Section 2254 petition to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

"A state prisoner is entitled to one fair opportunity to seek federal habeas relief

from his conviction. But he may not usually make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 590 U.S. 504, 507 (2020) (quoting 28 U.S.C. § 2244(b)). As such, Section 2244

> lays out the requirements for filing successive petitions, serving as gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction. The statute does not define "second or successive," however, and we have made clear that a petition is not "second or successive" merely because it is numerically second.
> ...
> Later habeas petitions attacking the same judgment that was attacked in a prior petition tend to be labeled successive and must meet the standards for authorization under § 2244. In contrast, later habeas petitions attacking distinct judgments, administration of an inmate's sentence, a defective habeas proceeding itself, or some other species of legal error – when the error arises after the underlying conviction – tend to be deemed non-successive. In essence, if the purported defect existed, or the claim was ripe, at the time of the prior petition, the later petition is likely to be held successive even if the legal basis for the attack was not. If, however, the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous petition, the later petition based on that defect may be non-successive.

*Leal Garcia v. Quarterman*, 573 F.3d 214, 220, 222 (5th Cir. 2009) (footnotes omitted).

Nunez previously exercised his "one fair opportunity to seek federal habeas relief from [the 2000 murder] conviction," *Banister*, 590 U.S. at 504, and his current claims allege defects in that conviction that "existed ... at the time of the [first federal] petition ... even if the legal basis for the [current] attack was not" known to Nunez when he filed an initial Section 2254 application, *Leal Garcia*, 573 F.3d at 222; *accord In re Will*, 970 F.3d 536, 540 (5th Cir. 2020) (per curiam).

Nunez therefore presents claims that are successive.

And his failure to first obtain authorization from the court of appeals under 28 U.S.C. § 2244(b)(3) deprives the district court of jurisdiction to consider the habeas

application. *See Leal Garcia*, 573 F.3d at 219 ("AEDPA requires a prisoner to obtain authorization from the federal appellate court in his circuit before he may file a 'second or successive' petition for relief in federal district court. Without such authorization, the otherwise-cognizant district court has no jurisdiction to entertain a successive § 2254 petition." (footnotes omitted)).

But, because this appears to be Nunez's first successive federal habeas petition as to this state conviction, the Court should cure this want of jurisdiction by transferring the habeas application to the Fifth Circuit for appropriate action. *See* 28 U.S.C. § 1631.

## Recommendation

The Court should transfer the successive application for a writ of habeas corpus under 28 U.S.C. § 2254 to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure

to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE